**BESARO MOBILE HOME PARK, LLC, Plaintiff–Appellant,**

v.

**CITY OF FREMONT, Defendant–Appellee.**

No. 06–17201.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Aug. 15, 2008.

Anthony C. Rodriguez, Law Offices of Anthony C. Rodriguez, Oakland, CA, for Plaintiff–Appellant.

Rochelle Browne, Richards, Watson and Gershon, Los Angeles, CA, Harvey E. Levine, Fremont, CA, for Defendant–Appellee.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON *, District Judge.

MEMORANDUM **

Besaro Mobile Home Park, LLC ("Besaro") appeals the district court's judgment dismissing with prejudice Besaro's claims that the City of Fremont ("City") violated Besaro's rights under the Fifth and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The City has had a vacancy rent control ordinance ("the Ordinance") for the three mobile home parks within the City since 1992. The original Ordinance provided that a mobile home park owner could not raise the rent on a home space when a tenant vacated the home, but that the park owner could apply for review if the vacancy rate at a park reached 5%. The Ordinance included a finding that park owners enjoy unequal bargaining power compared to their mobile homeowner tenants.

As a result of *Yee v. City of Escondido,* 503 U.S. 519, 112 S.Ct. 1522, 118 L.Ed.2d 153 (1992) and *Richardson v. City and County of Honolulu,* 124 F.3d 1150 (9th Cir.1997), the City amended the Ordinance on July 25, 2000 by adding Section 3–13104.1 ("the Amendment"), which allowed park owners to raise rents to any level if a mobile homeowner abandoned a mobile home, if the homeowner was evicted, or if a commercial purchaser replaced a home. If a mobile homeowner sold the home "in place" to a new tenant, the park owner could increase the rent by 15%. This limit expires on December 31, 2019. The City

and Besaro agreed to toll the implementation of the Amendment until July 15, 2005.

Besaro filed suit on July 15, 2005, bringing both facial and as-applied takings and due process challenges to the Amendment. That complaint was dismissed, and Besaro filed an amended complaint on July 19, 2006, bringing the same facial and as-applied claims. The gravamen of Besaro's amended Complaint was that the Amendment created a windfall for current mobile homeowners, who would allegedly be able to sell their mobile homes at "above market" prices because of the controlled rent on the space.

■ We agree with the district court that Besaro's facial takings claim is time-barred and that its as-applied claim is unripe. The statute began to run on the facial challenge when the Ordinance was enacted in 1992. *See De Anza Props. X, Ltd. v. County of Santa Cruz,* 936 F.2d 1084, 1087 (9th Cir.1991). The limitations period at that time was one year. *See Hacienda Valley Mobile Estates v. City of Morgan Hill,* 353 F.3d 651, 655 (9th Cir. 2003). The Amendment did not create a new facial cause of action because the aspect of the Amendment to which Besaro objects is a continuation of an aspect of the Ordinance that the City has had in place since 1992. *See id.* at 656; *De Anza,* 936 F.2d at 1086–87.

■ Besaro has failed to meet the ripeness requirements for an as-applied takings challenge. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 195, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). If Besaro wishes to argue that new economic circumstances have resulted in the Ordinance violating its rights under the Takings Clause, it must

---

* The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

comply with the *Williamson County* requirement that it exhaust available state remedies. Besaro's attempt to circumvent *Williamson County* by arguing that the Amendment was not enacted for a public purpose converts its as-applied challenge back into a facial takings challenge, which is time-barred. *See Hacienda Valley*, 353 F.3d at 655–56, 660–61.

 We have recognized that irrational land use regulations can violate the Due Process Clause. *See Crown Point Dev., Inc. v. Sun Valley*, 506 F.3d 851, 852–53 (9th Cir.2007). Even assuming that the statute of limitations does not bar Besaro's due process challenge, its due process claim fails. Rent control has long been recognized as rational regulation, and the Amendment provides a mechanism to adjust rents upward. *See Birkenfeld v. City of Berkeley*, 17 Cal.3d 129, 169, 130 Cal. Rptr. 465, 550 P.2d 1001 (1976).

**AFFIRMED.**